Richard W. Breslin, Esq. Informal Opinion County Attorney No. 95-17 County of Chenango County Office Building Norwich, N Y 13815
Dear Mr. Breslin:
You have asked whether members of a private industry council must comply with the annual disclosure requirements of sections 810 and811 of the General Municipal Law.
A private industry council has responsibility for policy, guidance and oversight with respect to activities under the job training plan for its service delivery area in partnership with the unit or units of general local government within the area. 29 U.S.C. § 1513(a). The governor of each state is required to designate service delivery areas which may be comprised of the state or one or more units of general local government in the state. 29 U.S.C. § 1511(a)(1). A private industry council is required to be established in each service delivery area. A private industry council consists of representatives of the private sector who constitute a majority of the council; representatives of organized labor and community based organizations who constitute at least 15% of the council; and representatives of educational agencies, vocational rehabilitation agencies, public assistance agencies, economic development agencies and the public employment service. 29 U.S.C. § 1512(a). Proposed members of private industry councils are nominated and recommended by representatives of the various interest groups that comprise the council. 29 U.S.C. § 1512(c). The members of the councils are appointed by the chief elected official or officials of the units of general local government comprising the service delivery area. In the absence of agreement, the appointments are to be made by the governor from the individuals nominated or recommended. 29 U.S.C. § 1512(d).
The initial number of members of the council is to be determined by the chief elected official(s) and subsequently is to be determined by the council. 29 U.S.C. § 1512(e). The governor certified a private industry council upon finding that the composition and appointments are consistent with the provisions of law. 29 U.S.C. § 1512(g).
The function of private industry councils is to provide, in partnership with the unit or units of general local government, guidance and oversight regarding activities under the job training plan for the service delivery area. 29 U.S.C. § 1513(a). The council, in agreement with the local government(s), determines procedures for the development of the job training plan and selects grant recipients which might be the council or a unit of general local government. 29 U.S.C. § 1513(b). Once approved by both parties, a job training plan is to be submitted jointly by the council and appropriate chief elected officials in the service delivery area. 29 U.S.C. § 1513(d).
The private industry council, in accordance with the job training plan, prepares and approves a budget for itself and is authorized to hire staff, incorporate, and solicit and accept contributions and grant funds from both public and private sources. 29 U.S.C. § 1513(e).
Sections 810 through 812 of the General Municipal Law provide for financial disclosure at the local level. Some municipalities are required to provide for financial disclosure either through timely enactment of their own disclosure requirements (see, § 811) or through application of the State disclosure requirements (see, § 812). These municipalities are referred to as "political subdivisions" and include counties, cities, towns or villages having a population of 50,000 or more. General Municipal Law § 810(1). You have indicated that your county has adopted an annual financial disclosure local law as required. I note that other municipalities (any county, city, town or village) may locally require financial disclosure.
Your county is one of three counties forming a service delivery area on whose behalf a private industry council has been established. Your question is whether the private industry council members appointed by your county are required to comply with the financial disclosure requirements of the county.
We note that in a prior opinion of this office we considered whether a local government may provide for defense and indemnification of officers and employees of a private industry council under section 18 of the Public Officers Law. Section 18 establishes a procedure for local defense and indemnification through local option of a municipality. In addition to coverage of its own officers and employees under section 18, a municipality may elect to cover the employees of a "public entity". A "public entity" is one established for the benefit of the municipality. We found that a municipality may elect to provide defense and indemnification for the officers and employees of a private industry council formed for its benefit. 1987 Op Atty Gen 32. Thus, in that opinion we did not treat the officers and employees of a private industry council as employees of the municipality, but found that the council is a separate entity formed for the benefit of the municipality whose officers and employees could be brought within the coverage of section 18
of the Public Officers Law.
In our view, the officers and employees of a private industry council are not officers and employees of the municipality. It seems clear from the provisions of Federal law establishing private industry councils that these councils are entities separate and apart from the municipalities where they are located. Private industry councils are formed to provide services within a service delivery area which might include the State, a single municipality or several municipalities. While initial appointments to a private industry council are made by the officials of local governments in the service delivery area, these appointments are limited to certain categories of employees who are primarily in the private sector. Subsequent appointments are made by the council itself. Under Federal law, the council deals with local governments as separate entities, for example, in developing the job training plan. The council prepares and approves its own budget in accordance with the job training plan and has full responsibility for hiring its staff. The council may incorporate and independently solicit and accept contributions and grant funds.
Based on all of the above, we believe that the members of a private industry council do not fall within the financial disclosure requirements set forth in sections 810 through 812 of the General Municipal Law. These members are not officers and employees of a county, city, town or village. They are officers and employees of a private industry council. We note that officers and employees of a local government who are serving on a private industry council as governmental representatives would be required to file financial disclosure forms in that they are serving on the council in a governmental capacity. See, 1987 Op Atty Gen 32, 33.
We conclude that members of a private industry council, except for those serving in a governmental capacity, are not required to file financial disclosure forms under Article 18 of the General Municipal Law.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions